UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HARRY L. BATISTE,<br><br>           Plaintiff,<br><br>v.<br><br>C. HALL,<br><br>           Defendant. | 2:13-cv-01286-APG-VCF<br><br>**REPORT & RECOMMENDATION**<br><br>(Motion/Application to Proceed *In Forma Pauperis* #1 and Motion to Extend Time to File Complaint #2) |

Before the court are plaintiff Harry L. Batiste's Motion/Application to Proceed *In Forma Pauperis* (#1) and Motion to Extend Time to File Complaint (#2).

**I.    *In Forma Pauperis* Application (#1) and Motion To Extend Time To File Complaint (#2)**

Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[1] possesses that the person is unable to pay such fees or

---

[1] Courts have examined the language of 28 U.S.C. § 1915(a)(1) regarding whether *in forma pauperis* applications by non-prisoner litigants are permitted in federal courts, and have (1) concluded that Congress did not intend for non-prisoners to be barred from being able to proceed *in forma pauperis,* and (2) required non-prisoners to satisfy the statutory requirements of 28 U.S.C. § 1915. *See Akinro v. United States*, 91 Fed. Cl. 650, 657 (Fed. Cl. 2010)(citing *Floyd v. United States Postal Serv*., 105 F.3d 274, 275-76 (6th Cir.), reh'g denied (6th Cir.1997); *Schagene v. United States*, 37 Fed.Cl. 661, 663 (1997) (finding that it was not the intent of Congress to eliminate the in forma pauperis right of access to federal courts of eligible, indigent, non-prisoners), appeal dismissed, 152 F.3d 947, 1998 WL 187786 (Fed.Cir.1998); *see also In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir.1997) (discussing how to administer in forma pauperis rights to a non-prisoner, thereby acknowledging the rights of non-prisoners to apply for in forma pauperis status); *Leonard v. Lacy*, 88 F.3d 181, 183 (2d Cir.1996) (using "sic" following the word "prisoner" in 28 U.S.C. § 1915(a)(1) to indicate that the use of that word was inappropriate); *Powell v. Hoover*, 956 F.Supp. 564, 566 (M.D.Pa.1997) (holding that a "fair reading of the entire section [28 U.S.C. § 1915(a)(1) ] is that it is not limited to prisoner suits.")).

give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).

Plaintiff asserts in his motion/application that he is disabled and receives $710 a month in take-home wages. (#1). Plaintiff also asserts that he has a zero balance in his checking account, and that his monthly expenses include $580.00 in rent and $125.00 "for lights." *Id.* Plaintiff did not attach a complaint to his motion/application (#1) or include in his affidavit "the nature of the action" or his "belief that [he] is entitled to redress" as required by 28 U.S.C. §1915(a)(1). Accordingly, plaintiff's request to proceed *in forma pauperis* (#1) is denied *without prejudice* for plaintiff to comply with 28 U.S.C. §1915(a)(1). As plaintiff's request to proceed *in forma pauperis* (#1) is denied and plaintiff is not permitted at this time to file without paying filing fees, the motion to extend time (#2) is denied. Plaintiff is advised that the court must screen a complaint upon granting a motion/application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(e), and that he should attach a complaint for the court's review to his re-filed motion/application to proceed *in forma pauperis*.

## RECOMMENDATION

IT IS RECOMMENDED that plaintiff Harry L. Batiste's Motion/Application to Proceed *In Forma Pauperis* (#1) be DENIED *without prejudice,* for plaintiff to re-file a motion/application that complies with 28 U.S.C. § 1915.

IT IS FURTHER RECOMMENDED that plaintiff Harry L. Batiste's Motion to Extend Time to File Complaint (#2) be DENIED.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also

held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 6th day of August, 2013.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**